IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFFORD DIONE OLD-HORN, | CV 20 –56–M–DLC–KLD |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF POLSON and COUNTY OF LAKE, | |
| Defendants. | |

On September 3, 2020 United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendations recommending that Plaintiff Clifford Dione Old-Horn's complaint (Doc. 1) be dismissed on the basis that it advances claims barred by the applicable statute of limitations. (Doc. 4.) Mr. Old-Horn has not filed any objections.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a

1

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto conducted a screening analysis under 28 U.S.C. §§ 1915 and 1915A and concluded that Mr. Old-Horn's claims were frivolous. Specifically, Judge DeSoto concluded that Mr. Old-Horn's claims, brought under 42 U.S.C. § 1983, were barred by the applicable statute of limitations. (Doc. 4 at 5.) Reviewing for clear error, the Court finds none.

Mr. Old-Horn's claims stem from a wrongful conviction he suffered because of the improper admission of an involuntary confession. *See generally State v. Old-Horn*, 328 P.3d 638 (Mont. 2014). The statute of limitations for claims brought under 42 U.S.C. § 1983 is the limitation on personal injury actions in the state in which the claim accrues. *Owens v. Okure*, 488 U.S. 235, 250–51 (1989). For section 1983 claims accruing in Montana, the three-year general personal injury statute of limitations applies. *Blackburn v. Blue Mountain Women's Clinic*, 951 P.2d 1, 82 (Mont. 1989); *see also* Mont. Code Ann. § 27-2-204(1).

Mr. Old-Horn's complaint (Doc. 1) is dated April 29, 2020. The Court agrees with Judge DeSoto that even applying the most generous accrual date of June, 2014, when reversal of his conviction was affirmed by the Montana Supreme Court, his claims still fall well outside of the applicable three-year statute of limitations. (Doc. 4 at 5.) As such, his complaint (Doc. 1) will be dismissed.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 4) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. Old-Horn's complaint (Doc. 1) is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal in this matter would not be taken in good faith. Mr. Old-Horn's claims fall well outside the applicable statute of limitations and are thus frivolous.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect the foregoing certification and that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close the case file.

DATED this 30th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court